UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WELLS FARGO BANK, N.A.,

    Plaintiff,

    v.

MARK PINEDA, et al.,

    Defendants.

_____/

No. C 12-2814 PJH

**ORDER REMANDING CASE**

Maria L. Pineda, one of the defendants in the above-entitled action, removed this case from the Superior Court of California, County of Santa Clara, on June 1, 2012.

This is an unlawful detainer action brought by Wells Fargo Bank, N.A. ("Wells Fargo"), against Mark Pineda and Maria L. Pineda following an August 19, 2011, non-judicial foreclosure sale of residential property previously owned by the defendants. On August 22, 2011, Wells Fargo served a written notice to vacate the premises.

The occupants failed to vacate the premises at the end of the three-day period. On October 3, 2011, Wells Fargo filed the unlawful detainer complaint. Wells Fargo seeks restitution and possession of the subject property.

On January 27, 2012, Maria L. Pineda filed a notice of removal. The case was removed to this court as case No. C-12-0433, and was assigned to Magistrate Judge Howard R. Lloyd. Also on January 27, 2012, Wells Fargo filed a motion to remand the case for lack of subject matter jurisdiction. On February 13, 2012, Judge Lloyd ordered that the case be reassigned to a district judge, and also recommended that the case be remanded for lack of subject matter jurisdiction. On March 13, 2012, the undersigned district judge issued an order remanding the case.

On June 1, 2012, Maria L. Pineda again filed a notice of removal of the same unlawful detainer action. The case was removed to this court as case No C-12-2814.

For the reasons previously stated in Judge Lloyd's Report and Recommendation, which was adopted by the undersigned, the court finds that the case must be remanded for lack of subject matter jurisdiction. No federal question appears on the face of the complaint. Thus, there is no federal question jurisdiction. See Toumajian v. Frailey, 135 F.3d 648, 853 n.2 (9th Cir. 1998). Jurisdiction may not be based on a claim raised as a defense or a counterclaim. See Smith v. Grimm, 534 F.2d 1346, 1350 (9th Cir. 1976).

In addition, to the extent that defendant is attempting to assert diversity jurisdiction, the complaint specifies that the demand is "under $10,000." Thus, the amount-in-controversy requirement is not met. See 28 U.S.C. § 1332(a). Moreover, removal through diversity jurisdiction is not available to defendants that are citizens of the state in which the state action was brought. 28 U.S.C. § 1441(b).

Accordingly, the case is REMANDED to the Santa Clara Superior Court. The clerk is hereby instructed that no futher notices of removal shall be accepted from Maria L. Pineda or Mark Pineda for filing without the approval of a district court judge.

**IT IS SO ORDERED.**

Dated: June 15, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge